IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Juan J. Hernandez Zapata, | ) | Case No.: 1:24-cv-749-JD-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Williamsburg Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 9.) Petitioner Juan J. Hernandez Zapata ("Petitioner" or "Zapata"), proceeding *pro se*, filed a Petition for habeas corpus relief action under 28 U.S.C. § 2241 against Respondent Williamsburg Correctional Facility ("Respondent" or "WCF") alleging issues surrounding the application of his earned time credits. (DE 1.)

At the time Petitioner filed this Petition, Zapata was an inmate in the custody of the Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina. Petitioner alleges he began serving his current federal sentence on October 7, 2018. (DE p. 1.) He claims he:

> previously had his earned time credits applied to his projected release date[,] which reduced that date by 365 days[,] giving petitioner a projected release date of 4-11-31. []Subsequently the Bureau of Prisons took away petitioner's earned time credits and reverted his projected release date to reflect[] a projected release date of 4-11-2032.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

(*Id.*)  Petitioner claims he was told, "that per the Southeast Regional Office pursuant to [18 U.S.C. §] 3632(E) because he was subject to deportation he could not have the time credits."  (*Id.*)  Petitioner asserts that he is not required to exhaust the BOP's administrative remedies because the issue before the court involves only statutory construction.

The Report was issued on February 15, 2024, recommending Zapata's Petition be dismissed for failure to exhaust his administrative remedies.  Petitioner did not file an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record.  Thus, the Court adopts the Report (DE 9) and incorporates it here by reference.

It is, therefore, **ORDERED** that Zapata's Petition is dismissed without prejudice for failure to exhaust administrative remedies.  Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.


Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 2, 2024


## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty  (60) days

from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.